```
 1                IN THE UNITED STATES DISTRICT COURT

 2                FOR THE MIDDLE DISTRICT OF GEORGIA

 3                          MACON DIVISION

 4                   _____

 5

 6   THE UNITED STATES OF AMERICA,   :
                                     : Case No. 5:05-CR-13(HL)
 7   VS                              :
                                     :   March 13, 2008
 8                                   :    Macon, Georgia
     RICHARD BEN GLAWSON, DEFENDANT.:
 9   _____

10                        SENTENCING HEARING

11          BEFORE THE HONORABLE JUDGE HUGH LAWSON
              UNITED STATES DISTRICT JUDGE, PRESIDING
12
     APPEARANCES:
13
     FOR THE GOVERNMENT:           CHARLES CALHOUN
14                                 UNITED STATES ATTORNEY'S OFFICE
                                   P.O. BOX 1702
15                                 MACON, GA 31202-1702

16   FOR THE DEFENDANT:            FRANKLIN J. HOGUE
                                   HOGUE & HOGUE, LLP
17                                 P.O. BOX 1795
                                   MACON, GA 31202
18

19

20

21

22
     _____
23
                         SALLY L. GRAY, USCR
24                         P.O. BOX 875
                         MACON, GA 31202-0875
25
                          (478-752-3497)
                                                              1
```

```
 1                   P R O C E E D I N G S
 2    MARCH 13, 2008
 3              THE COURT:  Richard Ben Glawson.  Mr. Hogue.
 4              MR. GLAWSON:  Good morning, Your Honor.
 5              THE COURT:  Good morning, Mr. Glawson.
 6              THE DEFENDANT:  How you do.
 7              THE COURT:  Mr. Calhoun.
 8              MR. CALHOUN:  Good morning, Your Honor.
 9              THE COURT:  What has the government to say?
10              MR. CALHOUN:  The government has no objections and
11      ready to proceed, Your Honor.
12              THE COURT:  Very good.  Mr. Hogue?
13              MR. GLAWSON:  Your Honor, I have no objections to
14      the pre-sentence calculations here.  All I have to say on
15      behalf of Mr. Glawson would be this.  After 20 years now in
16      the arid desert of mandatory guidelines we finally see
17      before us the oasis of the advisory guidelines.  I hope
18      that's not a mirage.
19         The only thing I have left to appeal to this court for
20      in this case then is some mercy, perhaps mercy Mr. Glawson
21      does not deserve, which is what makes it mercy, but I know
22      that the case went to trial, the court knows what
23      transpired and what the jury thought of it, and the
24      pre-sentence report is accurate in every regard that I can
25      see.
```

1  There may be some objections that we noted that are in
2  the addendum that don't affect the calculations of the
3  guidelines, so they're not worth noting any further at this
4  point.  So that's all I can ask for the court on behalf of
5  Mr. Glawson is that since the recommended range is enough
6  to effectively mean a life sentence for this 42 year old
7  man, I just ask the court to consider the option of
8  departing from that range to show him some leniency.
9      Obviously the one thing that kicked us up into that
10 high range is his criminal history category being bumped up
11 from three to six because of the two prior convictions that
12 he had, which were of the type along with the other
13 criteria that made him a career offender now, according to
14 these advisory guidelines.
15     So, that was a huge bump, obviously, and it's what
16 puts us up to where we are today on these numbers.  So
17 that's all I can ask on his behalf, Your Honor.
18         THE COURT:  All right, Mr. Glawson, is anything you
19 would like to say before sentence is imposed?
20         THE DEFENDANT:  I really not -- I don't
21 understand --
22         THE COURT:  I'm sorry?
23         THE DEFENDANT:  I said, a lot of it, I really don't
24 understand.
25         THE COURT:  What is it you don't understand?

1     THE DEFENDANT:  Well, for one thing, I don't
2  understand basically what he just said.  I'm basically
3  being put in a category for something I already did time
4  for.  That's what I don't understand.  You know, I did time
5  for that, so I don't understand, you know.  You know, they
6  say it's not a double jeopardy, so what is it.
7     THE COURT:  Mr. Hogue, I'm going to let you
8  undertake to explain that to your client.  You don't have
9  to do that standing before the bench.  If you want to take
10 a recess and confer with Mr. Glawson before sentence is
11 imposed, I'll be glad to arrange that.
12    MR. GLAWSON:  May I ask if he needs me to do that?
13 I do believe we've talked about that before, but I can ask
14 him if he needs me to have me go over that again.
15    THE DEFENDANT:  When did we talk about it?
16    MR. HOGUE:  Do what?
17    THE DEFENDANT:  Yeah, I need to go over it because I
18 don't understand, I really don't.
19    MR. HOGUE:  All right, so you want us to come out of
20 this sentencing hearing now so we can talk about your
21 criminal history category again?
22    THE DEFENDANT:  What you mean again?
23    MR. HOGUE:  I wrote you about it.
24    THE DEFENDANT:  That's it.  You just wrote me.  You
25 didn't come see me about is what I'm talking about.

1    MR. HOGUE:  Your Honor, I've covered it.  I don't
2    see anything else I can say about it that's going to
3    clarify it any better than I've already done.
4    THE DEFENDANT:  You said you wrote it.  I can't read
5    that good.
6    THE COURT:  Well, in the interest of justice and
7    humanity, why don't you take a few minutes to talk with him
8    about the contents of your letter, and you can come back
9    when you're ready.
10   MR. HOGUE:  I'll be glad to, Your Honor.
11   THE COURT:  All right, we'll recess this hearing and
12   come back to that in a few minutes.
13   *(RECONVENED; ALL PARTIES PRESENT, 1:20 p.m.)*
14   THE COURT:  Mr. Hogue, are we ready to proceed with
15   your client?
16   MR. HOGUE:  Yes, we are, Your Honor.
17   THE COURT:  I believe we had arrived at the point
18   where I asked Mr. Glawson if he had anything he wanted to
19   say, and he indicated that he had some questions, and he
20   went out and conferred with you, Mr. Hogue.
21   Mr. Glawson, is there anything else you want to say
22   before sentence is imposed?
23   THE DEFENDANT:  No, sir.
24   MR. HOGUE:  Your Honor, may I do this, though, just
25   for the record?

```
 1                THE COURT:  Yes.
 2                MR. HOGUE:  I have not filed an objection to
 3    criminal history category calculation, and Mr. Glawson's
 4    position is that one of the two prior felonies which is for
 5    possession with intent to distribute cocaine that puts him
 6    into the career offender status was actually what he
 7    understood to have been a plea to violating probation on
 8    the previous armed robbery case by committing the offense
 9    of possession with intent to distribute cocaine, and that
10    by pleading to the violation of probation, he was thereby
11    resolving the indicted cocaine case.
12                In my estimation that is not the case, and I didn't
13    file the objection to it.  However, I did tell him that if
14    he wishes to attack what appears to me to be a conviction
15    for possession with intent to distribute cocaine, he would
16    need to do so in a petition for writ of habeas corpus in
17    the state system.
18                And so in the event that he may later do that, and it
19    may have some merit, and I don't know anything about that,
20    I just want to make the record clear that -- and Your
21    Honor, I have to say, I'm not saying it as an objection.
22    It wouldn't be timely, first of all, but that's why I did
23    not do it, but I wanted the record to note that that's the
24    issue we were concerned about.
25                THE COURT:  All right, thank you very much.  Well,
```

1    while we're talking about guideline calculations, of
2    course, this calculation occupies a full page and is in
3    three count groups, and you have examined that, have you
4    not?
5         MR. HOGUE:  I have examined every bit of his
6    pre-sentence report.
7         THE COURT:  And you are telling me that it ends up
8    with a range of 262 to 327 months, and you take no issue
9    with that.
10        MR. HOGUE:  I do not.
11        THE COURT:  Okay.  All right, then, is there
12   anything else that anyone else wants to say before sentence
13   is imposed?
14        MR. HOGUE:  I do not, Your Honor.  I'm not sure if
15   Mr. Glawson --
16        THE COURT:  Mr. Glawson.
17        THE DEFENDANT:  No, Your Honor.
18        THE COURT:  The government?
19        MR. CALHOUN:  No, Your Honor.
20        THE COURT:  Mr. Glawson, you were convicted on
21   October 31, 2007 following a jury trial.  The court
22   deferred sentence until the pre-sentence report was
23   completed.  It has now been completed, prepared, and
24   considered, and you are adjudicated guilty on Counts One
25   through Seven of the second superseding indictment.

1     The court has considered the Federal Sentencing
2     Guidelines and has taken them into account in imposing this
3     sentence.  The court has made an accurate calculation of
4     the sentencing range which is 262 to 327 months,
5     considering an offense level of 34 and a criminal history
6     category of six, as just discussed by Mr. Hogue and myself.
7         On Counts Two, Five, and Seven, you are sentenced to
8     60 months imprisonment.
9         On Count Six, to 120 months imprisonment.
10        On Count One, to 240 months of imprisonment.
11        And on Counts Three and Four, to 327 months of
12    imprisonment.
13        All counts are to run concurrently with each other,
14    for a total sentence of 327 months.
15        The prison term is to be followed by a period of
16    supervised release of five years.  You are to report to the
17    U.S. Probation Office in the district to which you are
18    released to begin service of the term of supervised
19    release.
20        Supervised release includes the standard and mandatory
21    conditions and the following special conditions.
22        First, you are prohibited from possessing a firearm or
23    other dangerous weapon.
24        Second, you shall participate in a substance abuse
25    program that may include testing to determine whether you

have reverted to the use of drugs or alcohol and may also include treatment of alcohol and/or drug addiction or dependency.

The probation office shall administratively supervise your participation in the program by approving it, administering the testing, and supervising the treatment.

A mandatory assessment in the amount of $100 for each count is imposed for a total of $700.

It's my judgment you are not able nor likely to become able to pay all or part of a fine, even with the use of a reasonable installment schedule. I therefore waive the fine as well as alternative sanctions.

You are declared ineligible for federal benefits for ten years.

Because the sentence ordered by the court is within an advisory guideline range that is greater than 24 months, I'm required to state the reason for the sentence, and in that connection I determined that the sentence as imposed is an appropriate sentence in this case, complies with the factors that are to be considered as set forth at 18 United States Code, Section 3553(a), and adequately addresses the totality of the circumstances.

Now, you have the right to appeal the conviction that is the jury's verdict, as well as the sentence in this case. If you decide to appeal the conviction and sentence,

```
 1    you must file a notice of appeal with the clerk of this
 2    court within ten days of judgment being entered in your
 3    case.
 4         If you decide to appeal, you are entitled to have the
 5    services of a lawyer, and Mr. Hogue will continue as your
 6    counsel.  Do you understand the sentence I've imposed?
 7              THE DEFENDANT:  Yes, sir.
 8              THE COURT:  Do you have any question about it?
 9              THE DEFENDANT:  I just want it on the record I want
10    to appeal.  That's it.
11              THE COURT:  I beg your pardon?
12              THE DEFENDANT:  The only thing I do want on the
13    record is I do want to appeal.  That's all.
14              THE COURT:  Very good.  Do you have any objections
15    to the sentence you'd like to state?
16              THE DEFENDANT:  I've got several objections, but --
17              THE COURT:  Well, I'm required to ask you that.  I
18    understand you don't like the sentence.  Other than that --
19              THE DEFENDANT:  Well, I really got several.  I mean,
20    you asked me, I'm being honest, I do, I've got several.
21              THE COURT:  Well, tell me what they are.
22              THE DEFENDANT:  My objection is -- I still don't
23    understand how I get on such a high level, I really don't,
24    in the category.
25              THE COURT:  Anything else?
```

```
 1              THE DEFENDANT:  No.
 2              THE COURT:  Mr. Hogue, do you understand the
 3     sentence?
 4              MR. HOGUE:  I do understand it, Your Honor.
 5              THE COURT:  Any questions?
 6              MR. HOGUE:  No.
 7              THE COURT:  Any objections?
 8              MR. HOGUE:  No, Your Honor.
 9              THE COURT:  I'm not going to undertake, Mr. Glawson,
10     to try to explain to you across the bench how the
11     sentencing guidelines are calculated.
12          You are represented by one of the most able lawyers in
13     this area, and if he can't do it, I'm sure I can't.  You
14     are entitled to an appeal.  Mr. Hogue will file your
15     appeal, and he will represent you on the appeal.  That's
16     all.
17              MR. HOGUE:  Thank you, Your Honor.
18              (SENTENCING CONCLUDED)
19          *I HEREBY CERTIFY THAT THE FOREGOING IS A CORRECT
       TRANSCRIPT FROM THE RECORD OF PROCEEDINGS IN THE
20     ABOVE-ENTITLED MATTER THIS 7TH DAY OF MAY, 2008.*
21          *S/SALLY L. GRAY, USCR,
       U.S. DISTRICT COURT-MIDDLE DISTRICT OF GEORGIA
22     E-mail: Sally_Gray@gamd.uscourts.gov*
23
24
25
```