# United States Court of Appeals
For the Eleventh Circuit

No. 08-11197

District Court Docket No.
05-00013-CR-WDO-5

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Apr 15, 2009
THOMAS K. KAHN
CLERK

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

versus

RICHARD BEN GLAWSON,

    Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Georgia

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

Entered: April 15, 2009
For the Court: Thomas K. Kahn, Clerk
By: Gilman, Nancy

ISSUED AS MANDATE
SEP 03 2009
U.S. COURT OF APPEALS
ATLANTA, GA.

[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
APRIL 15, 2009
THOMAS K. KAHN
CLERK

No. 08-11197
Non-Argument Calendar

D. C. Docket No. 05-00013-CR-WDO-5

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

RICHARD BEN GLAWSON,

Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of Georgia

(April 15, 2009)

Before EDMONDSON, Chief Judge, MARCUS and ANDERSON, Circuit Judges.

PER CURIAM:

Defendant-Appellant Richard Ben Glawson appeals his convictions for drug offenses, 21 U.S.C. § 841(a)(1).[1] Glawson challenges three of the district court's evidentiary rulings. No reversible error has been shown; we affirm.

We review a district court's evidentiary rulings for an abuse of discretion. United States v. Eckhardt, 466 F.3d 938, 946 (11th Cir. 2006). Glawson argues that five exhibits of drug evidence should not have been admitted because gaps existed in the chain of custody: (1) Joseph Whitehead, the officer who turned over the drug purchases from the controlled buys to the crime lab, did not testify at trial[2]; (2) Margaret Litley, the forensic chemist who initially tested the substances from the controlled buys, did not testify at trial; and (3) testimony about the marijuana evidence did not establish that it was the same evidence seized by Officer Ted Darley when he arrested Glawson.

The identification and authentication of tangible objects for admission into evidence require proof of their original acquisition and later custody in addition to a connection to the accused and the charged criminal offense. United States v. Garcia, 718 F.2d 1528, 1533-34 (11th Cir. 1983). The connection can be shown by

---

[1] Glawson also was convicted of being a felon in possession of a firearm, 18 U.S.C. § 922(g)(1), and escape, 18 U.S.C. § 751(a); but his appellate arguments are only about his drug convictions.

[2] Officer Whitehead died before trial.

2

circumstantial evidence. United States v. Sarmiento-Perez, 724 F.2d 898, 900 (11th Cir. 1984); see also United States v. Clark, 732 F.2d 1536, 1543 (11th Cir. 1999) (a mere break in the chain of custody does not cause evidence to be inadmissible).

Here, sufficient evidence existed "to support a finding that the matter in question" was what its proponent claimed. Fed.R.Evid. 901(a). Confidential informants testified that they bought drugs from a suspect they identified in court as Glawson and gave the drugs to Whitehead in the presence of another police officer. This officer also testified to these events. And Officer Darley testified that he arrested Glawson, searched his vehicle, and found marijuana. This testimony established the initial acquisition of the drugs and connected them to Glawson. Testimony of various evidence custodians, officers, and crime lab scientists who described their interactions with the exhibits established later custody of the drugs. The district court was permitted to assume that Whitehead and Darley did not tamper with the drugs before turning them over to the crime lab. See Garcia, 718 F.2d at 1534 (absent evidence to the contrary, the trial judge properly may assume that a police officer would not tamper with exhibits). Because competent evidence existed connecting the drugs to Glawson and the crimes, any gaps in the chain of custody went only to the weight, not the admissibility, of the evidence. See United

States v. Roberson, 897 F.2d 1092, 1096 (11th Cir. 1990).

Glawson next argues that the district court erred in limiting his cross-examination of Dustin Collins, a forensic chemist who performed a second test on the drugs obtained from the controlled buys after Litley initially tested them. He contends that he should have been able to cross-examine Collins about Litley's discharge from the crime lab, claiming that her discharge was relevant to the chain of custody and weight given to it.

Cross-examination generally is limited to the subject matter of direct examination and matters affecting the credibility of the witness; but the court may permit inquiry into additional matters. Fed.R.Evid. 611(b). "Subject to the Sixth Amendment, the district court has discretionary authority to limit cross-examination." United States v. Beale, 921 F.2d 1412, 1424 (11th Cir. 1991). And the Sixth Amendment protects only cross-examination that is relevant. United States v. Lyons, 403 F.3d 1248, 1255 (11th Cir. 2005).

The district court abused no discretion in limiting the cross-examination of Collins because information about Litley's dismissal from the crime lab was irrelevant: it was not addressed on direct examination, and it had no bearing on Collins's credibility. The district court allowed permissible cross-examination about the differences between Collins's and Litley's tests of the drugs, which bore

on the chain of custody. But Litley's dismissal from her job was collateral to the chain of custody issue and had no connection to the drugs tested in Glawson's case. See United States v. Calle, 822 F.2d 1016, 1020 (11th Cir. 1987) (noting that the district court properly limited cross-examination about questions of compliance with plea agreement and tax returns, as these issues were collateral to the core issue of the witness's bias).

At trial, government witness Melonee Early testified that she met a person who she knew as Terry Glawson in the early 1990s; and she tentatively identified Glawson in court as this same person. The government also showed Early a photograph of Glawson, and she stated that the person in the picture was the person she knew as Terry Glawson. Glawson argues that this photograph should not have been admitted because it was irrelevant, not properly authenticated, and confusing to the jury. We disagree.

The evidence properly was authenticated: the government offered the exhibit as a picture of the person Early identified as Terry Glawson, and Early testified that the picture looked like the person she knew as Terry Glawson. This testimony was sufficient to authenticate the picture. See Fed.R.Evid. 901(a); United States v. Caldwell, 776 F.2d 989, 1001-02 (11th Cir. 1985) (authentication under Rule 901 "merely involves the process of presenting sufficient evidence to make out a prima

facie case that the proffered evidence is what it purports to be"). And the evidence was relevant to the case against Glawson because Glawson operated under several aliases; the photo connected the alias Terry Glawson to him.[3]

Glawson also argues that he received ineffective assistance of counsel because his lawyer did not argue effectively the objection to the admission of the drug evidence. We conclude that the record is not sufficiently developed to evaluate Glawson's ineffective assistance of counsel claim at this time; and we decline to consider it. United States v. Bender, 290 F.3d 1279, 1284 (11th Cir. 2002) (explaining that we generally will not consider claims of ineffective assistance of counsel on direct appeal "where the district court did not entertain the claim nor develop a factual record").

AFFIRMED.

A True Copy - Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit
By: _____
Deputy Clerk
Atlanta, Georgia

---

[3]Moreover, any error in admitting the photograph was harmless because several other witnesses identified Glawson as the person from whom they purchased drugs or otherwise identified him as involved in the crimes. See Fed.R.Evid. 103(a) (evidentiary decisions do not constitute reversible error "unless a substantial right of the party is affected").