RECEIVED
CLERK'S OFFICE
2010 SEP 27 AM 8: 33
U.S. DISTRICT COURT
MIDDLE DIST. OF GEORGIA
MACON, GEORGIA

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

RICHARD BEN GLAWSON,      )    CIV. NO. _____

        PETITIONER,       )    CRIM. NO. _____

        VS.               )

UNITED STATES,            )

        RESPONDENT.       )

        _ _ _ _ _ _ _ _   )

PETITIONER'S MEMORANDUM OF FACT AND LAW IN SUPPORT OF

FILED MOTION PURSUANT TO 28 U.S.C., SECTION 2255

Comes now Richard Ben Glawson, petitioner in pro se,
with his Memorandum of Fact and Law in support of the
motion under 28 U.S.C., § 2255, that sets forth the
following substantial constitutional claims for relief:

GROUND ONE:   Petitioner was denied effective assistance
              of trial counsel at all critical stages of
              the case---prior to trial, during the trial,
              and at sentencing---in violation of the Fifth
              and Sixth Amendment of the United States;
              as well as statutory law, Federal Rules of
              Criminal Procedure and Rules of Evidence,
              and Case Law decisions from the Supreme
              Court.

GROUND TWO:   Petitioner was denied effective assistance

of appellate counsel on substantial constitutional claims as to no crime, jurisdictional issues, and sentencing claims, in violation of the Fifth and Sixth Amendment.

GROUND THREE:   Petitioner was deprived of a fair trial on proper evidence due to intentional prosecutorial misconduct under the due process clause of the Fifth Amendment.

## I. BACKGROUND INFORMATION

Petitioner was indicted on two counts for alleged drug offenses, and then later the indictment was super-seded twice until the following charges were alleged:

1. Count One---21 U.S.C. § 841(a)(1), (b)(1)(C)

2. Count Two---21 U.S.C. § 841(a)(1), (b)(1)(D)

3. Count Three--- 21 U.S.C., § 841(a)(1), (b)(1)(B)(iii)

4. Count Four--- 21 U.S.C. § 841(1)(a), (b)(1)(B)(iii)

5. Count Five---21U.S.C., § 841(a)(1), (b)(1)(D)

6. Count Six--- 18 U.S.C., § 922(g)(1)

7. Count Seven--- 18 U.S.C. § 751(a)

Petitioner elected to go to a jury trial and following a trial where guilty verdicts were returned---the final sentence that is active is 327 months.

-2-

A direct appeal was taken to the Court of Appeals

for the Eleventh Circuit, and that Court affirmed

all convictions and sentences; and the United

States Supreme Court denied certiorari on January 19,

2010.

The filing of this motion is timely.


<u>ARGUMENT</u>

GROUND ONE: PETITIONER WAS DENIED EFFECTIVE ASSISTANCE
OF TRIAL COUNSEL AT ALL CRITICAL STAGES OF
THE CASE---PRIOR TO TRIAL, DURING THE TRIAL,
AND AT SENTENCING---IN VIOLATION OF THE
FIFTH AND SIXTH AMENDMENTS OF THE UNITED
STATES; AS WELL AS STATUTORY LAW, FEDERAL
RULES OF CRIMINAL PROCEDURE AND RULES OF
EVIDENCE, AND CASE LAW DECISIONS FROM THE
SUPREME COURT.


A.

<u>PROPOSED STANDARD TO APPLY</u>

Petitioner would say that the two-pronged test of

**Strickland v. Washington**, 466 U.S. 668, 687 (1984)

is applicable and that says:

> "A convicted defendant's claim that counsel's
> assistance was so defective as to require
> reversal of a conviction---has two components.
> First, the defendant must show that counsel's
> performance was deficient. This requires
> showing that counsel made errors so serious
> that counsel was not functioning as the
> 'counsel' guaranteed the defendent by the
> Sixth Amendment. Second, the defendant must
> show that the deficient performance prejudiced
> the defense. This requires showing that counsel's
> errors were so serious as to deprive the defendant
> of a fair trial, a trial whose results is reliable..."

In short, petitioner must show serious breakdowns in the adversarial process that was in turn prejudicial. Because the "benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." **Strickland**, 466 U.S. at 686.

The Court did set out certain basic duties of a trial counsel---such as:

1. A duty of of loyalty,  a duty to avoid a conflict of interest, **Strickland**, at 688;

2. A duty to conduct a sufficient fact and legal investigation of the specific case, **Strickland**, at 690-691;

3. A duty to ensure a fair trial, **Strickland**, at 689, on a competent indictment, competent evidence, and a reasonable procedure.

These duties entail a defense counsel who has brought to "bear such skill and knowledge as (has) render[ed] the trial a reliable adversarial testiing process". **Strickland**, 466 U.S. at 688 (Citation not invluded).

B.

THE PRETRIAL REPRESENTATION

-4-

POINT ONE
---

~~Defense counsel failed to ascertain if petitioner~~

was in fact indicted for federal crimes under the

statutory law. Count One concerned a violation

for crack cocaine, Counts Three and Four concerned

violations for crack cocaine.  However, there is no

such federal criminal offense within Title 21 of

the United States Code in order to support a crime.

Title 21 U.S.C., § 812 does list the drug offense of

powder cocaine, hydrochloride cocaine---but no listing

of cocaine base or crack cocaine to correspond to

the graduated penalties of 21 U.S.C., § (b)(1). So there

was no cocaine base/crack cocaine crime in this case.

Since the crack cocaine penalties is much harsher than

the powder cocaine penalty---that is a 100 to 1 ratio;

counsel's failure on this matter is a complete and

unequivocal breakdown in the adversarial process, and

this failure followed petitioner right over to sentence

where he received enhanced sentencing punishment for

Counts Three and Four.

Counsel's failure cannot be seen as a competent,

reasonable, and professional strategical choice.

**Strickland**, 466 U.S. at 690-691.

First, a Federal court has limited jurisdiction in

several ways. The offense must be set forth by statute,

there are no federal common-law crimes as seen by

**Kokkonon v. Guandian Life Ins. Co.**, 511 U.S. 375, 377 (994).

A statutory crime can not be expanded by judicial decree.

**American Fire & Casualty Co. v. Finn, 341 U.S. 6 (1951).**

The Supreme Court in **Kimbrough v. United States,** _____

U.S. _____, 128 S. Ct. 558, 565, 169 L.Ed. 2d 481, 490

(2007), found that "Crack and powder cocaine are two forms

of the same drug... The active ingredient in powder and

crack cocaine is the same... The two forms of the drug

also have the same psychological and psychotropic effect..."

The statutory law requires both forms of cocaine be

scheduled, and 21 U.S.C., Section 802 sets forth the following

definition:

Section 802 (5) (6)

"(5) The term 'Control' means to add
a drug or other substance, or immediate
precursor, to a schedule under part B
of this subchapter, whether by transfer
from another schedule or otherwise."

"(6) The term controlled substance means
a drug or other substance, or immediate
precursor, involved in schedule I, II, III,
IV, V of part B of this subchapter..."

Both forms of cocaine - crack and powder- must be controlled

in one of the five schedules. Here, powder cocaine was

already controlled at schedule II, when Congress addressed

crack cocaine in it's 1986 legislative sessions, in conjunction

with five bills for the purpose of criminalizing the trafficking

in crack cocaine. Each bill began with a prevision to

legislatively schedule crack cocaine in schedule I. The

-6-

language of Senetor Chile's bill is representative:

    Sec. 2 ADDITION  OF COCAINE IN ANY
           BASE FORM AS SCHEDULE I
           CONTROLLED SUBSTANCE.

           Schedule I of Section 202 (c)
           of the Controlled Substance Act
           21 U.S.C., 812 (c) is amended
           by adding at the end of the
           following:

           (d) Cocaine in any base form.

However, crack cocaine was notlawfully moved to Schedule

I, so the stiffer penalty cannot constitutionally be applied,

nor is the crack cocaine drug type a scheduled drug that

can support a criminal sentance. The Supreme Court in

**Touby v. United States**, 500 U.S. 160, 162-63 (1991), (emphasis

added), found that:

           "When adding a substance to schedule, the Attorney
           General must follow specified procedures. First
           the Attorney General must request a scientific
           evaluation from the Secretary of Health and Humane
           Services (HHS), together with a recommendation
           as to whether the substance should be controlled.
           A substance cannot be controlled if the Secretary
           recommends against it. 21 U.S.C., Section 811 (b).
           Second, the Attorney General must consider eight
           factors with respect to the substance, involving
           it's potential for abuse, scientific evidence of
           the  pharmacological effect, organic or psychological
           dependence libility, and whether the substance
           is an immediate precursor of a substance already
           controlled. 21 U.S.C., Section 801 (c). Third,
           the Attorney General must comply with the notice-
           and hearing provisions of the Administative Procedures
           Act(APA), 5 U.S.C., Section 811 (a). In addition,
           the Act permits any agrieved person to challenge
           the scheduling of a substance by the Attorney General
           in a Court of Appeals, 21 U.S.C., Section 877."

All of the above law ignored by Congress, the Attorney

General, and all courts that have been confronted with

the constitutional fact that crack cocaine is not even

listed as a controlled substance, or is not a federal

crime, nor can support <u>any</u> <u>sentence</u>.

~~Likewise, Congress and all courts have long been aware~~

that two or more forms of the same drug must be listed

in some schedule. Whether these forms have the same or

different inactive ingredients. In **United States v. Generix**

**Drug Corporation**, 460 U.S. 451, 459 (1983), the court

addressed the meaning of drugs - both the licit and illicit

drugs - and said:

> "The term 'drug' is plainly intended
> throughout the [food, drug, and cosmetic]
> Act to include entire drug products complete
> with inactive ingredients."

If this court applies the law of Title 21, the case

law of **Kimbrough**, **Touby**, and **Generix** to petitioners'

case, then the crack cocaine offenders are non-crimes

as to Counts One, Three, and Four; whereas those convictions

and sentences must be set aside. <u>See</u>, **United States v.**

**Caudle**, 828 F.22 1111, 1112 (5th Cir. 1987) [ "Defendant

clearly could not be indicted for distributing a drug

that was not placed on the list of controlled substances."]

Since petitioner's crack cocaine sentences are unconstitutional,

his trial counsel was gravely inept and the ineptness

was prejudicial under **Strickland**, <u>supra</u>... This also applies

to the appellete counsel as well.

It can also be noted that these non-federal crimes

have a direct affect on the sentences as a career offender

-8-

status,that must be lowered under 18 USCS App.
Section 4B1.1 (a)(b)(F) [that will be addressed
again under the sentencing errors].

Petitioner has shown that crack cocaine is not
a listed controled substance and cannot support any
sentence under the law as controlled by the Due
Process Clause of the Fifth Amendment; therefore,
the government now has a direct burden of establishing
jurisdiction that is valid on Counts One, Three and
Four.  See. Kokkonen, 511 U.S. at 377 [citing
**McNutt v. General Motors Acceptace Corp.**, 298 U.S.
178, 182-183  (1936)].

Petitioner also points out that the statutory law
of 21 U.S.C. Sections 802(5)(6), 811-812, taken in
conjunction with the Supreme Court decisional law of
**Kimbrough, Touby, and Generix**----were all clear law
before petitioner's indictment, jury trial, sentencing,
and direct appeal. Thus, the inptness of both trial
and appellate counsel's is proven as to the failures
and extreme prejudice.

## POINT TWO

The seized powder cocaine in this case was tested
and was powder cocaine. The AUSA went before the
Federal Grand Jury and falsely informed them that
the cocaine was **cocaine base/crack cocaine,** But at
time of indictment---the testing demonstrated only

powder cocaine---but defense counsel failed to make
any objections prior to trial under **Strickland.** Then
during trial, the AUSA produced a second chemist
expert that purported to re-test the same seized
drugs---and find crack cocaine.  We now know
that under **Kimbrough,** that so-called second
expert testing was bogus and misled the jury.
Cocaine powder and crack cocaine are the same
drug---only the form is different (and under the
law both forms must be listed but are not---so
the drug of trial and sentencing can only be for
powder cocaine.).

Any interpretation that can now be placed upon
21 U.S.C., § 802(5)(6) and **Kimbrough, Touby, and
Generix**---demonstrates that crack cocaine cannot
support a sentence beyond the unit allowable by
powder cocaine.  At a minimum, clear ambiguity exists
in the statutes of Title 21, United States Code,
so the rule of lenity should be applicable.  See,
**Bell v. United States,** 349 U.S. 81, 83 (1955).

Trial counsels herein more than meets both
prongs of the **Strickland** test.

C.

## PERFORMANCE DURING THE JURY TRIAL

At the commencement of petitioner's trial by jury, the
trial judge explained to the jury that movant was charged with

several "cocaine base" counts. marijuana counts,
~~firearm count and an escape count. (Trial Tr. Vol. 1,~~
pp-3-4).

The Government's Opening Statement explained to
the jury that movant was charged with various crack
cocaine charges and "the sale of crack cocaine is
a crime." (Trial tr . vol. 1, pp. 11-12). The AUSA
informed the jury that all charges, with the exception
of the escape charge, were made by two criminals who
where acting for the government from a plea agreement
and who were being paid for their testimony.(Trial tr.,
Vol. 1, p. 14). Then, the opening statement by the
defense counsel acknowledged core of the government's
case would be the trial testimony of fact paid witnesses.
(Trial tr., Vol. 1,pp. 22-23).

## POINT ONE

The initial governmental witness was ATF Agent
Rafiq Ahmad (Trial tr. Vol. 1,p. 26, who had arrested
two people for an assortment of drug charges and firearm
charges. (Trial tr., Vol. 1, p. 28). The Male (a James
Jordan) and female (a Katina Fort) were allowed to plea
guilty to a plea agreement that would permit them to
help target drug sellers. (Trial tr., Vol. 1, pp. 104-106.)

-11÷

Convicted criminal Fort had a five year sentence---
lowered from ten years due to working with the Agent
(Trial tr., Vol. 1, pp. 126-132), and several drug
charges were dismissed. The male informant, a James
Jordan, received a 170 months sentence (Trial tr.,
vol.1, p.136), with several charges dismissed (Trial
tr. Vol. 1,p. 184), but had been facing a life
sentence until he worked for the Agent herein(Trial
tr., Vol. 1,p. 186).

Finally, Witness Jordan had a 14 year sentence,
and would receive a further time reduction in exchange
for this trial testimony against movant. (Trial tr.,
Vol. 1,p. 189).

The testimony of informants Fort and Jordan admitted
they helped the ATF agent target petitioner as to the
drugs and the firearm charge. The testimony from
witnesses Fort, Jordan, and Agent Ahmad was the core
evidence of guilt offered against movant in this jury
trial. The other governmental evidence through witnesses
linked petitioner to a particular pick-up truck and
a name purportedly used by petitioner; and various
Bibb County sheriff's officers. (Trial tr., Vol. 2,pp.
2-167).  The escape charge and evidence is not pertinent
to the claims herein.

POINT TWO

The law of 18 U.S.C. Section 201(c)(2)(3)

First, Section 201(a)(1) defines who is a **whoever** within this statute, and says that "an officer or employee or person acting for or on behalf of the United States, or any department...or branch of Goverment" comes under this statute.

Second, the Supreme Court in **Dixson v. United States.** 465 U.S. 482 ,485-486 n. 2 (1984) interpreted and applied the term **Whoever** in the same way---to include an Assistant United States Attorney.

The relevant section of 18 U.S.C., § 201(c)(2)(3) herein is as follows:

> "(c)Whoever---
>
> "directly or indirectly, gives, offers, or promises anything of value to any person, for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon a trial, hearing, or other proceeding, before any court...
>
> "(3) directly or indirectly, demands, seeks, receives, accepts, or agrees to receive or accept anything of value personally for or because of the testimony under oath or affirmation given or to be given by such person as a witness upon any such trial, hearing, or o ther proceeding...
>
> "shall be fined under this title or imprisoned for not more than wto years, or both."

While there could be a due process question of using informants to target a particular person in a case like this one---after an arrest and deal with the informants---see **United States v. Daily**, 759 F.2d 192, 201 (1st cir. 1985)---there is no question that the AUSA was committing

a criminal offense under 18 U.S.C., Section 201(c)
(2).

In construing a statute, "[t]he preeminent canon
of statutory interpretation requires us to 'presume
that [the] legislature says in a statute what it
means and means in a statute what it says there.'"
**BedRoc Ltd. LLC v. United States**, 541 U.S. 176, 183 (2004).
(quoting **Connecticut Nat'l Bank v. Germain**, 503 U.S.
249, 253-254 (1992). This inquiry requires a court to
"begin[] with the statutory text, and end[] there as
well if the text is unambiguous." **Id.**   Furthermore,
words are given their ordinary, plain meaning unless
defined otherwise. **Id.** at 183.

The words of 18 U.S.C., 201(c)(2) are plain and
unambiguous, so the AUSA falls within the definition
of whoever. See **Dixson, supra.**

Likewise, the words and meaning of Section 201(c)(3)
are clear and straightforward as well---the testifying
witnesses of Fort and Jordan were accepting payments
for their testimony.   They were committing a federal
crime.

In **United States v. Blaszak**, 249 F.3d 881, 887 (6th
Cir. 2003), the court addressed the meaning of Section
201(c)(3), and said:

-14-

"Section 201(c)(3) clearly prohibits demanding or accepting anything of value in exchange for testimony. Its meaning should be clear to a person of common intelligence because it is neither overly technical nor obscure. The defendant's conduct falls well within that probibited by the statute, and no novel constructions of the statute is required to apply it to this case.  ...it strains credulity to argue that the defendant was not on notice that his conduct was unlawful. Moreover, although the standard is whether a person of common intelligence would understand his conduct to be prohibited, we find it simply incredible that a licensed attorney and member of the Ohio bar would claim that he believed it lawful to accept (payment for his trial testimony)..."

HErein, the trial testimony of Government witnesses Fort and Jordan was purchased contrary to the law of 18 U.S.C., Sections 201(c)(2)(3)---both the AUSA and these witnesses were committing a concealed crime before the jury---and, that concealment before the jury is fraud on the jury by Officers of the Court as defined by the Supreme Court in **Hazel-Atlas Glass Co. v. Hartford-Empire Co.**, 322 U.S. 238, 244 (1944).

A jury is the sole judge of facts and witness credibility---so concealing the fact of both the AUSA and witnesses Fort and Jordan committing crimes as this testimony was presented means two things:

1. Petitioner was being denied a fair trial intentionally in violation of the Due Process Clause of the Fifth Amendment;

-15-

2. Defense Counsel was intentionally
   depriving petitioner of a conflict free
   counsel in violation of the Fifth
   and Sixth Amendments.

First, counsel was on notice that the core and
major evidence to be introduced against petitioner
would be two paid informants who were being paid
for their testimony.[See, infra, pp. 11; Trial tr.,
Vol.1, pp. 22-23]. Second, counsel failed to request
an exclusion of this testimony under Rule 12(b)(2),
Fed.R.Crim. Proc.. Third, that fact demonstrates
either a lack of loyalty to petitioner, **Strickland**,
466 U.S. at 688, or inept counsel who did not
investigate the case and law prior to trial,
**Id.** at 690-691; and these failures caused a breakdown
in the adversarial process under **Strickland**, 466 U.S. at
688.

For the trial counsel herein to allow movant to
be tried on incompetent and inadmissible evidence is
unreasonable assistance, and not the "counsel" required
by the Sixth Amendment. **Strickland**, 466 U.S. at 687.

POINT THREE

Defense Counsel's aiding the concealment of the
AUSA and fact paid witnesses crimes is fraud on the
jury. **Hazel-Atlas, supra.**

-16-

The fraud on the jury herein includes both the AUSA
and defense counsel, the proposed definition would be
the same, and petitioner would propose the one
accepted in **Demjanjuk v. Petrovsky**, 10 F.3d 338, 352
(6th Cir. 1993), that held that fraud meant:

    1. Conduct by an officer of the court;

    2. Conduct that was directed to and at the
       judicial machinery;

    3. Conduct that was intentionally false,
       or willfully blind to the truth, or
       was in reckless disregard for the truth;

    4. Conduct that was a concealment when there
       was a duty to disclose;

    5. Conduct that deceived the court (jury).

Defense counsel was an officer of the Court; his
intentional failures were directed to and at the
jury who are the sole judge of facts and witness
credibility---even the prosecutorial credibility;
the conduct was a reckless disregard for the truth;
where there was a constitutional duty to defend the
petitioner; and the conduct deceived and misled the
jury.

On all three so-called crack cocaine counts and
the two marijuana counts---as well as the set-up
firearm count. Counsel allowed petitioner to be
tried unfairly and unconstitutionally under the
law. That more than fulfills the two-pronged test of
**Strickland, supra..**

## POINT FOUR

~~The Government introduced a chemist expert named~~
Dustin Collins (Trial tr., Vol. 2, pp. 128-149). As
the Government offered this witness as an expert,
defense counsel said:

> "No questions, on objections." (Trial tr.
> vol. 2, p. 129).

Later in the trial, defense counsel explained to
to Judge that Dustin Collins was a friend, so anything
he said between what constitutes powder cocaine and
crack cocaine would not be questioned at all.  However,
it can be discerned from defense counsel's comments that
he was aware of **Kimbrough**, ---U.S.---, 128 S.Ct. 558,
565, 169 L.Ed.2d 481, 490 (2007), where the Court found
that "Crack and powder cocaine are two forms of the
same same drug..." But counsel was not going to advocate
such for petitioner.

Witness Collins  testified of testing three different
drugs----

> "10.37 grams" of cocaine base.
> (Trial Tr. Vol 2, p 131).

> "18.71 grams" of cocaine base.
> (Trial tr. vol. 2, p. 132).

> "7.86 grams  of cocaine base.
> (Trial Tr. Vol. 2, p. 133).

Witness Collins admitted those same cocaine drugs had
been tested by another chemist, with different results---

-18-

he testified he found cocaine base, and the other

chemits only found powder cocaine. (Trial tr., vol 2,

p. 143).

   The re-direct by government did clarify the matter

as follows----

         AUSA----Outside of the differing weights,
                 was your analysis of the substance
                 and what it was the same.


    Expert----I believe she did find cocaine.
              I dont know that she found cocaine
              base...

         AUSA----And you were asked to perform the
                 additional test of cocaine base.

         Expert----Yes Ma'am.

Trial tr. vol. 2,p 146.


On re-cross, counsel and the expert had this exchange:

    Counsel----So to clarify that, which I'm now
               looking at what you were just asked,
               what you tested in these three exhibits
               were....cocaine base, right?

    Expert.....Yes, sir.

    Counsel....And so as far as you can tell what
               (the other expert) concluded was simply
               cocaine...

Trial Tr. Vol. 2, p. 147.


   This expert testimony was and is **Hogwash**, it is another

fraud on the jury---powder cocaine and crack or the same

drug. **Kimbrough, supra.**; and it is obvious that defense

-19-

counsel knew of this bogus testing of different drugs.
Thus, we have the following constitutional issues that
are serious:

1. The evidence of this record does not establish
   the drug was cocaine base even if there was such
   a drug [and then, cocaine base is not a listed
   controlled substance];

2. Counsel was aiding the government conceal the
   fact that cocaine powder was the drug in this
   case; and that is fraud on the jury and shows
   gross ineptness of defense counsel;

3. The AUSA was demonstrating fraud on the jury;

4. These issues clearly show violations of the
   Fifth and Sixth Amendments.

The record refers to further testing to ascertain by
an "additional test [for] cocaine base", but the record
has absolutely no showing of such---so the evidence is
insufficient as a matter of law under **In re Winship**,
397 U.S. 358, 363-364 (1970). (Trial tr. Vol. 2, p. 146).
While the expert's testimony may have satisfied the
defense counsel---the Government has the due process
requirement to prove each element beyond a reasonable
doubt; and there is no such evidence in this record.

This more than proves the two-pronged test of
**Strickland, supra.**.

## POINT FIVE

Counsel made a slight Rule 29 Motion at the close of the evidence on Count Seven (the escape charge). At a minimum, counsel could have and should have motioned the court on the evidence insufficiency on the crack cocaine counts (One, Three, and Four). This failure meets the deficiency and prejudice under **Strickland.**

## POINT SIX

The Jury Instruction informed the jury that---

> "Cocaine base, which is also known
> as crack cocaine, is a controlled
> substance within the meaning of
> the law."

Trial Tr., Vol. 3, p. 59.

In this case where there was absolutely no evidence as to cocaine base, crack cocaine,---just the words of **powder cocaine** and **crack cocaine**, the above jury instruction is a directed verdict of the core element of Counts One, Three and Four. The jury found guilt on the AUSA's word and this jury instruction and that is patently unconstitutional.  The JUdge cannot direct a verdict on any element. See, **United States v. Rogers,** 94 F.3d 1519 (11th Cir. 1996). This principle of law goes back to **Sparf & Hansel v. United States**, 156 U.S. 51, 105 (1895).

The defense counsel made no objection at all. Counsel only multiplied his constitutional errors in not attempting to aid movant in having a fair trial that was an adversarial system, and the convictions and sentences cannot be deemed as reliable and justice.

### POINT SEVEN

Defense counsel was completely inept at sentencing and that was extremely prejudicial under **Strickland.**

At sentencing counsel noted that he had "no objections to the pre-sentence calculations..." and that petitioner should be a "career offender..." (Sentencing tr., pp. 2 and 6).

Counsel agreed that movant should be sentenced under the Sentencing Guidelines, at Level 34, Category VI, and from 262 to 327 months. (Sentencing tr.,pp. 7-8).

However, all of theabove calulation is wrong all the way to the career offender level.  Therefore, petitioner will unravel this sentencing issue,and as follows;

> 1) Petitioner was to be sentenced under under 18 USCS Appx. § 2D1.1---as to drug amount and drug type.

> 2) We will express the crack cocaine issues first.

COUNT ONE: Crack cocaine at 10.37 grams is Level 26,
Category VI.

As a career offender matter, we must look at U.S.S.C.
§ 4B1.1, and it has a 120 to 150 month sentencing range.
Thus, we must apply Section 4B1.1 (a)(b)(E) to that
range---in order to ascertain if the career offender
"(E) 10 years or more, but less than 15 years---
(Level) 24" is higher or lower. Herein the Level of 26,
Category VI is higher---to movant would be sentenced
within the 120 to 150 range.  Not the 240 months that
was received.

COUNT THREE AND FOUR: Crack cocaine at 18.71 and 7.86
grams is Level 26 and category VI.

The career offender status is lower than the guideline
range, so Count Three and Fourt can not be over 150 months.

Movant is aware that the Court accepted the PSI for
sentencing purposes, and it conbined all drugs into Level
28 (PSI,pp. 5-6, para. 23) and a 2-level enhancement of
double counting for the escape---to an adjusted level of
30. (PSI, p. 6, Para. 28).  The PSI kept adjusting to
Level 32 (PSI,p. 7,Para. 41).

Finally, the PSI misapplied the career offender table:
262 months is 21 years and 10 months, that comes under
Level 32 at Part B, § 4B1.1.(b)(c)---thus, the sentencing

-23-

would remanin at Level 32, Category VI; with a sentening

range of 210 to 262 months. Not the range of Level 34,

Category VI and  262 to 327 months that petitioner

received.

The sentencing of Counts Two, Five, Six, and Seven

are also caluated wrong---therefore, defense counsel's

failures are grossly proved by the sentencing record

itself and the prejudice is obvious.

Moreover, the enhancements were not given to and

found by the jury, so there is both a statutory and

constitutional violation under **United States v. Booker,**

543 U.S. 220 (2005). The enhancments violate

**Apprendi v. New Jersey,** 530 U.S. 466 (2000).

Petitioner has clearly raised the claim and should

be granted a hearing at resentencing.


GROUND TWO:  Petitioner was denied effective assistance
             of appellate counsel on substantial
             constitutional claims as to no crime,
             jurisdictional issues, and sentencing
             claims, in violation of the Fifth and
             Sixth Amendments.

The appellate counsel claims are reviewed by the

**Strickland** two pronged test of deficiency and prejudice.

Appellate counsel's were apprised of the non-crime of

crack cocaine and the sentencing claims---but refused to

consider those facts and law shown to them.  See Exhibits

"A" attached hereto.

Exhibit "A" points out the **Booker** matters, the jury

issues, the various instances of fraud on the jury,

the issues under 18 U.S.C., Sections 201(c)(2)(3), and the

powder and crack cocaine issues.

Appellate counsels ignored petitioner's factual

and legal issues completely, and that should mandate

a hearing and relief under **Strickland.**

GROUND THREE: Petitioner was deprived of a fair trial
on proper evidence due to intentional
prosecutorial misconduct under the due
process clause of the Fifth Amendment.

The AUSA has a wide and deep discretion on who to indict,

what to indict, and has a responsibility to afford a

defendant a fair trial on competent and admissible

evidence---without frauds being perfected on the jury.

Petitioner has already shown the intentional misconduct

as follows:

1. The indictments were secured for crack cocaine
   when the testing showed only cocaine powder;

2. Later in the case, the AUSA knew there was no
   such drug as crack cocaine, and that it was
   not scheduled;

3. The AUSA knew he was violating 18 U.S.C., §
   201(c)(2)(3);

4. The AUSA knew of the frauds on the jury were
   being perfected.

The AUSA has a duty to prosecute and to do it hard---

but not to strike foul blows intentionally that violates

the due process of the law under the Fifth Amendment. See

**Berger v. United States**, 295 U.S. 78 (1935).

Petitioner requests a hearing and relief granted on this ground.

## CONCLUSIONS

Petitioner respectfully submits that the has raised the substantial constitutional grounds set forth herein, and an evidentiary hearing should be held and relief granted.

Respectfully submitted,

Richard Glawson
# 92445-020
FCC, USP-2
P.O. Box 1034
Coleman, Florida 33521-0879

August  8-29-10 , 2010

-26-

Richard Glawson
#92445-020
FCC, USP-2
P.O. Box 1034
Coleman, Florida 33521-0879

James W. Smith                    Elizabeth M. Grant
Attorney-at-Law                   Attorney-at-Law
260 College Avenue                297 Prince Avenue, Suite 24
Athens, Georgia 30601             Athens, Georgia 30601

November 2, 2008

            Re: Glawson v. USA, No. 08-11197-CC
                Eleventh Circuit Court of Appeals

Dear Attorney Smith and Grant:

As I've studied by research the four [4] issues that
you have presented on direct appeal, I question how
Issue Four is presented relative to a denial of
effective assistance of counsel on direct appeal
where the district court has not settled such a
question under **Strickland v. Washington**, 466 U.S. 668
(1984; and, then whether Issues One [1], [2], and [3]
can be an abuse of discretion under Eleventh Circuit
precedent.

But even if claims one, two, and three are sufficient,
there are sentencing and trial issues that would be
waived unless presented on direct appeal unless I
show a miscarriage of justice or cause and prejudice
collaterally.  I will outline those issues for your
consideration below:

                    POINT ONE

                Sentencing Issues

    First, Counts One, Three, Four, concern crack cocaine.
Let me speak to each Count separately:

        Count One is a violation of 21 U.S.C., Section
        841(a), (b)(1)(C)---for a detectable amount of
        crack cocaine, and the jury did not find any
        amount per the jury instructions.  Under
        **U.S. v. Booker**, 543 U.S. 220 (2005, the amount of
        drugs for sentencing purposes would be less that
        5 grams.

                            **Exhibit "A"**

However, if the amount of drug is counted as
10.37 grams as the sentencing court calculated,
as a career offender under U.S.S.G, Section
4B1.1----the Base Level of the Guideline would
~~be 26, and the Career Offender Level then at~~
Level 27 or 28, and that would not permit a
sentence of 240 months as I received.

Counts Three and Four were calculated as
18.71 grams and 7.86 grams of crack in that
respective order at sentencing---with 327 month
concurrent sentences.  But the highest sentence
that can be given for Level 28, Category VI
is 140 to 175 months.  The difference between
a sentence of 327 months and 175 months is
drastic (unconstitutional per se).

At sentencing it appears the district court calculated
the range at Level 34, Category VI---with a range of
262 months to 327 months. But under USSG, Section 4B1.1
(b)(E), the Career Offender Level would have been 24
(less that Level 26---so at best a merger of all sentences
would have been Level 28, Category VI.

I do not waive a correct sentence and these matters should
have been appealed on direct appeal.

All "evidentiary decisions are reviewed under an abuse-of-
discretion standard." **Gen. Elect. Co. v. Joiner,** 522 U.S.
136, 141 (1997), and the Eleventh Circuit plainly informs
that it will not reverse on evidentiary rulings very often.
See, **In re Rasbury,** 24 F.3d 159, 168 (11th Cir. 1994).  The
Issues you have raised must show and constitute "a clear
error of judgment"---- **United States v. Kelly,** 888 F.2d
732, 745 (11th Cir. 1989). "Our review of evidentiary
rulings by trial courts---is very limited...." **McCorvery v.
Baxter Healthcare Corp.,** 298 F.3d 1253, 1257 (11th Cir.
2002).

I do not waive nor procedurally give up the incorrect
sentences in my case.  I do not accept being placed in a
position where I must attack the unconstitutional sentences
collaterally. **Smith v. Newsome,** 876 F.2d 1461, 1465 (11th
Cir.1989); **Fortenberry v. Haley,,** 297 F.3d 1213, 1222-23
(11th Cir. 2002).

<u>POINT TWO</u>

Jury Instructions

While I do not presently have a copy of the trial
transcript and the jury instructions, I have reason to
believe that at least two errors are on the record that

should have been appealed under Rule 52 of Fed. R. Crim.
Proc. as plain error:

> The jury was directed to a verdict on an
> element of whether crack cocaine and
> marijiuana is a controlled substance under
> the law.  That is, the jury was told that
> as a matter of law both were controlled
> substances under the law---but this is an
> element of Section 841(a), that the jury
> must find beyond a reasonable doubt under
> In re Winship, 397 U.S. 268 (1970)

> A court may not direct a verdict on an
> element of a crime.  See,  Rose v. Clark,
> 478 U.S. 570, 578 (1986) and  United States
> vs. Martin Linen Supply Co., 430 U.S.
> 564, 572-573 (1977).

    This case rest upon the testimony of informants who
were paid something of value in exchange for their
trial testimony.  That testimony is a violation of
18 U.S.C., Section 201(c)(2) and (3) and is a fraud
on the court by officers of the Court because it
concealed fact and law from the jury who are to settle
all facts constitutionally. Hazel-Atlas Glass Co. vs.
Hartford-Empire Co., 322 U.S. 238, 244 (1944).

Although the Eleventh Circuit in United States v.
Lowery, 166 F.3d 1119 (11th Cir. 1999) found that the
AUSA could pay its fact witnesses and not violate
Section 201(c)(2)---that is contrary to the holding
by Supreme Court in  Dixson v. United States, 465 U.S.
482, 79 L.Ed.2d 458, 464 n. 2 ((1984).  Moreover,
Lowery did not address Section 201(c)(3), but other
court have and have found the witnesses were committing
a crime that is a jury question.  United States v.
Blaszak, 3 49 F.3d 881, 887 (6th Cir. 2003). So there is
a serious issue under both Section 201(c)(2) and (3)---
with the tools from which to argue the unconstitutionality
of paying witnesses and witnesses being paid, and the jury
being concealed from those matters of fact.  See,
Engle v. Isaac, 456 U.S. 107, 134 (1982); Pelmer v.
White,  877 F.2d 1518, 1522 (11th Cir. 1989).

Again, I do not waive, procedurally default the above
matters.   Nor is it a novel issue that crack cocaine is
not a listed controlled substance as required under

-3-

21 U.S.C., Section 802(5)(6) as mandated by Section
811 in Section 812. See **Touby v. United States,**
500 U.S. 160, 162-63 (1991), and **United States v.**
**Generiz Drug Corp.,** 460 U.S.453, 459 (1983). That
is, both powder cocaine and crack cocaine must be
listed separately in Section 812. Otherwise, since
crack cocaine is not listed, the indictment must be
dismissed and I cannot be sentenced for crack cocaine.
See, **United States v. Caudle,** 828 F.2d 1111, 1112
(5th Cir. 1987).

I would appreciate an answer to this letter---a response
to me, not only my mother.

Sincerely,

Richard Glawson

Richard Glawson

cc:file

Law Offices of
# JAMES WILSON SMITH

260 College Avenue                                    Phone: (706) 353-3300
Athens, Georgia 30601                                 FAX:   (706) 354-4400

Jim Smith (Home: 706-543-5068)

                          November 11, 2008

Richard Glawson, #92445-020
FCC, USP-2
P.O. Box 1034
Coleman, Florida 33521-0879

Dear Mr. Glawson,

    We raised all of the issues which we felt are viable and important in grounds for
reversal.

    Although I did not send you a copy of the transcript of your trial, I have given
your mother a complete copy of the transcript of the trial and sentencing hearing,
because frankly it saved her about $100.  If she mailed it to you, I understand that will
be some additional expense to her, but it will be far less than $100.00 more, which
would have resulted in my mailing it to you.

    You should hear from Elizabeth Grant shortly, but in the meantime, the case is
completely filed and briefed in the Court of Appeals and the status at the present time is
pending whether or not the Eleventh Circuit will grant oral argument.

                          Sincerely,

                          James W. Smith

JWS/dd
cc: Elizabeth Grant

## Official Report



**Division of Forensic Sciences**

**Georgia Bureau of Investigation**

**State of Georgia**

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

**Central Regional Lab**
DOFS Case #:   2003-4002728
Report Date:   7/6/2003

Requested Service: Solid Material - Drug Identification
  Agency:   Bibb Co. Sheriff's Office
  Agency Ref#:   B0319511
  Requested by:   J. Whitehead

**Case Subjects:**
  Suspect: Terry Butler
**Evidence:**
  The laboratory received the following evidence for analysis from the submitting agency on 06/24/2003 via Lockbox.
  001       Sealed package(s) containing solid material

**Examinations Performed:**
  Evidence Submission #001
    Electronic balance and/or mechanical scale
    Gas chromatography/Mass spectrometry
    Thin layer chromatography

**Results and Conclusions:**
  Evidence Submission #001
    positive for cocaine in the sample tested, Schedule II, net weight of total sample: 23.41 grams
    (+/- 0.03 gram)

Only those items discussed in the results above were analyzed for this report. The above represents the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be returned to the submitting agency. Biological evidence (body fluids and tissues) will be destroyed after one year. This report may not be reproduced except in full without written permission of the laboratory.

*Margaret R. Littley*

Margaret Littley
Forensic Chemist
478-751-3198

CC:

Related Agencies:
  Bibb Co. District Attorney

## End of Official Report

Report Date: 07/08/2003
Report Id: YXrU30ZH0LSYZE

**Official Report**



**Division of Forensic Sciences**
**Georgia Bureau of Investigation**
**State of Georgia**

**Central Regional Lab**
DOFS Case #: 2003-4002728
Report Date: 7/14/2005

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

Requested Service: Solid Material - Drug Identification
Agency: Bibb Co. Sheriff's Office
Agency Ref#: B0319511
Requested by: J. Whitehead

Case Individuals:
Subject: AKA: Terry Butler
Subject: Richard Ben Glawson

Evidence:
The laboratory received the following evidence for analysis from the submitting agency on 08/24/2003 via Lockbox.
001   Sealed package(s) containing solid material. On 6/30/05 item 001 was resubmitted for additional testing.

Examinations Performed:
Evidence Submission #001
Electronic balance and/or mechanical scale
Gas chromatography/Mass spectrometry
High Performance Liquid Chromatography
Infrared spectroscopy

Results and Conclusions:
Evidence Submission #001
Positive for cocaine in the sample tested
Schedule II
Net weight of total sample: 18.71 gram(s) +/- 0.03 gram(s)
Analysis shows cocaine base.

Only those items discussed in the results above were analyzed for this report. The above represents the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be returned to the submitting agency. Biological evidence (body fluids and tissues) and fire debris extracts will be destroyed after one year. This report may not be reproduced except in full without written permission of the laboratory.

This case may contain evidence that must be preserved in accordance with O.C.G.A. § 17-5-56.

Dustin A. Collins
Forensic Chemist
478-752-1564

CC:

Related Agencies:
Macon Judicial Circuit
Bibb Co. District Attorney
US Attorney's Office-Macon

Report Date: 07/14/2005
Report Id: YXVR21K6SO3AS9

Page 1 of 2

048

09/12/2005 14:17 FAX
Ø004

## Official Report



**Division of Forensic Sciences**

**Georgia Bureau of Investigation**

**State of Georgia**

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

**Central Regional Lab**

DOFS Case #:  2003-4002729
Report Date:  7/8/2003

Requested Service: Solid Material - Drug Identification
  Agency:          Bibb Co. Sheriff's Office
  Agency Ref#:     B0319511
  Requested by:    J. Whitehead

**Case Subjects:**
  Suspect: Terry Butler

**Evidence:**
  The laboratory received the following evidence for analysis from the submitting agency on 06/24/2003 via Lockbox.
  001      Sealed package(s) containing solid material

**Examinations Performed:**
  Evidence Submission #001
     Electronic balance and/or mechanical scale
     Gas chromatography/Mass spectrometry
     Thin layer chromatography

**Results and Conclusions:**
  Evidence Submission #001
     positive for cocaine in the sample tested, Schedule II, net weight of total sample: 10.78 grams (+/- 0.03 gram)

---

Only those items discussed in the results above were analyzed for this report. The above represents the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be returned to the submitting agency. Biological evidence (body fluids and tissues) will be destroyed after one year. This report may not be reproduced except in full without written permission of the laboratory.

*Margaret R. Littley*

Margaret Littley
Forensic Chemist
478-751-3198

CC:

Related Agencies:
   Bibb Co. District Attorney

## End of Official Report

**Official Report**



**Division of Forensic Sciences**
**Georgia Bureau of Investigation**
**State of Georgia**

**Central Regional Lab**
DOFS Case #: 2003-4002729
Report Date: 7/14/2005

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

Requested Service: Solid Material - Drug Identification
   Agency:         Bibb Co. Sheriff's Office
   Agency Ref#:    B0319511
   Requested by:   J. Whitehead

Case Individuals:
   Subject: AKA: Terry Butler
   Subject: Richard Ben Glawson

Evidence:
   The laboratory received the following evidence for analysis from the submitting agency on 06/24/2003 via
   Lockbox.
   001      Sealed package(s) containing solid material.  On 6/30/05 item 001 was resubmitted for
            additional testing.

Examinations Performed:
   Evidence Submission #001
      Electronic balance and/or mechanical scale
      Gas chromatography/Mass spectrometry
      High Performance Liquid Chromatography
      Infrared spectroscopy

Results and Conclusions:
   Evidence Submission #001
      Positive for cocaine in the sample tested
      Schedule II
      Net weight of total sample: 7.86 gram(s) +/- 0.03 gram(s)
      Analysis shows cocaine base.

Only those items discussed in the results above were analyzed for this report.  The above represents
the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be
returned to the submitting agency. Biological evidence (body fluids and tissues) and fire debris
extracts will be destroyed after one year . This report may not be reproduced except in full without
written permission of the laboratory.

This case may contain evidence that must be preserved in accordance with O.C.G.A. § 17-5-56.

Dustin A. Collins

Dustin A. Collins
Forensic Chemist
478-752-1564

CC:

Related Agencies:
   Macon Judicial Circuit
   Bibb Co.  District Attorney
   US Attorney's Office-Macon

046

Ø002

# Official Report



**Division of Forensic Sciences**

**Georgia Bureau of Investigation**

**State of Georgia**

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

**Central Regional Lab**

DOFS Case #: 2003-4002446
Report Date: 6/25/2003

Requested Service: Assorted Material - Drug Identification
Agency: Bibb Co. Sheriff's Office
Agency Ref#: B0319511
Requested by: J. Whitehead

**Case Subjects:**
Suspect: Terry Butler

**Evidence:**
The laboratory received the following evidence for analysis from the submitting agency on 06/05/2003 via Lockbox.

| | |
|---|---|
| 001 | Evidence for Chemistry analysis |
| 001A | Sealed package(s) containing solid material |
| 001B | Sealed package(s) containing leafy material |

**Examinations Performed:**
Evidence Submission #001A
Electronic balance and/or mechanical scale
Gas chromatography/Mass spectrometry
Thin layer chromatography
Evidence Submission #001B
Electronic balance and/or mechanical scale
Gas chromatography/Mass spectrometry
Microscopy

**Results and Conclusions:**
Evidence Submission #001A
positive for cocaine in the sample tested, Schedule II, net weight of total sample: 13.65 grams (+/- 0.03 gram)
Evidence Submission #001B
positive for marijuana in the sample tested, net weight of total sample: 28.03 grams, (+/- 0.03 gram), less than 1 ounce

Only those items discussed in the results above were analyzed for this report. The above represents the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be returned to the submitting agency. Biological evidence (body fluids and tissues) will be destroyed after one year. This report may not be reproduced except in full without written permission of the laboratory.

*Margaret R. Littley*

Margaret Littley
Forensic Chemist
478-751-3198

CC:

Related Agencies:
Bibb Co. District Attorney

Report Date: 06/25/2003
Report Id: YX7U30YY0T7WI4

**Official Report**



**Division of Forensic Sciences**
**Georgia Bureau of Investigation**
**State of Georgia**

Dan Kirk
Deputy Director

* ISO 17025 Accredited *
* ASCLD/LAB Accredited *

**Central Regional Lab**
DOFS Case #: 2003-4002446
Report Date: 7/14/2005

---

Requested Service: Solid Material - Drug Identification
Agency: Bibb Co. Sheriff's Office
Agency Ref#: B0319511
Requested by: J. Whitehead

Case Individuals:
Subject: AKA: Terry Butler
Subject: Richard Ben Glawson

Evidence:
The laboratory received the following evidence for analysis from the submitting agency on 06/05/2003 via Lockbox.
001A           Sealed package(s) containing solid material. On 6/30/05 item 001A was resubmitted for additional testing.

Examinations Performed:
Evidence Submission #001A
Electronic balance and/or mechanical scale
Gas chromatography/Mass spectrometry
High Performance Liquid Chromatography
Infrared spectroscopy

Results and Conclusions:
Evidence Submission #001A
Positive for cocaine in the sample tested
Schedule II
Net weight of total sample: 10.37 gram(s) +/- 0.03 gram(s)
Analysis shows cocaine base.

---

Only those items discussed in the results above were analyzed for this report. The above represents the interpretations/opinions of the undersigned analyst. Evidence analyzed in this report will be returned to the submitting agency. Biological evidence (body fluids and tissues) and fire debris extracts will be destroyed after one year. This report may not be reproduced except in full without written permission of the laboratory.

This case may contain evidence that must be preserved in accordance with O.C.G.A. § 17-5-56.

*Dustin A. Collins*

Dustin A. Collins
Forensic Chemist
478-752-1564

CC:

Related Agencies:
Macon Judicial Circuit
Bibb Co. District Attorney
US Attorney's Office-Macon

047

£003