IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | |
|---|---|
| RICHARD BEN GLAWSON, | : |
| Petitioner, | : |
| v. | : CASE NO.: 5:05-CR-13 (LAG) (CHW) |
| UNITED STATES OF AMERICA, | : |
| Respondent. | : |

# ORDER

Before the Court is *pro se* Petitioner Richard Ben Glawson's late-filed Objection to the Magistrate Judge's Report and Recommendation (Doc. 198) and Motion for Reconsideration (Doc. 199). For the reasons stated below, Petitioner's Objection is **OVERRULED**, and his Motion is **DENIED**.

## BACKGROUND

On February 17, 2005, Petitioner was indicted on two drug-related charges. (Doc. 1). Before trial, two superseding indictments were filed against Petitioner. (Docs. 24, 84). Petitioner was found guilty at trial and was sentenced on March 14, 2008. (*See* Docs. 106–08, 110). Petitioner appealed, and the Eleventh Circuit affirmed his conviction on April 15, 2009. (Docs. 112, 128). On September 27, 2010, Petitioner filed his first petition under 28 U.S.C. § 2255. (Doc. 131). On December 21, 2011, the Court denied Petitioner's first petition. (Doc. 144). On June 13, 2013, Petitioner filed a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b). (Doc. 162). The Court construed Petitioner's Rule 60(b) Motion as seeking relief under § 2255 and dismissed it as successive on April 9, 2014. (*See* Doc. 166 at 3–5).

On October 17, 2019, Petitioner filed a Motion to Reduce Sentence Under the First Step Act. (Doc. 187). On April 27, 2020, the Court granted Petitioner's Motion to Reduce Sentence and reduced his sentence from 327 months imprisonment and five years of

supervised release to 210 months imprisonment and three years of supervised release. (Doc. 189). Petitioner was released from federal prison on December 17, 2021. (Doc. 195).

On January 14, 2022, Petitioner filed a Petition for a Writ of Error *Coram Nobis* seeking to vacate his conviction for lack of jurisdiction based on his assertion that the grand jury never returned an indictment against him. (*See* Doc. 194 at 3). On March 21, 2022, the Magistrate Judge issued the Report and Recommendation (R&R). (Doc. 196). Therein, the Magistrate Judge (1) construed Petitioner's Petition for a Writ of Error *Coram Nobis* as a 28 U.S.C. § 2255 Petition, (2) found that the Petition was untimely and successive, and (3) recommended that the Court dismiss the Petition for lack of jurisdiction. (*See id.* at 6). The R&R triggered the fourteen-day period provided under 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b)(2) for Petitioner to file written objections. No objections were received by the Court during this period. (*See* Docket). On April 12, 2022, the Court accepted and adopted the R&R. (Doc. 197).

On April 25, 2022, Petitioner filed the instant Objection and Motion for Reconsideration. (Docs. 198–99). Both filings are postmarked April 23, 2022. (Docs. 198-1, 199-1). In Petitioner's Objection, he argues that a writ of error *coram nobis* is appropriate because he is no longer in custody. (Doc. 198 at 2). In Petitioner's Motion for Reconsideration, he argues that his Objection "was forwarded to, but not considered by, the Court" and under Rule 59(e) the Court's Order adopting the R&R "should be reconsidered, as a matter of law." (Doc. 199 at 1).

## LEGAL STANDARD

"[I]n determining whether to accept, reject, or modify the magistrate's report and recommendations, the district court has the duty to conduct a careful and complete review." *Williams v. Wainwright*, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam) (citation omitted). The Court reviews *de novo* dispositive portions of the R&R to which Petitioner objects. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3). The Court reviews unobjected-to portions of the R&R and non-dispositive orders for clear error. 28 U.S.C. § 636(b)(1)(A); Fed. R. Civ. P. 72(a). While the Court may review for clear error where there are no objections, it is entitled to conduct a *de novo* review and even order a hearing on issues of fact "to aid its

2

review of a magistrate's report." *Wainwright*, 681 F.2d at 732. The Court also has discretion to consider new facts and arguments raised in an objection. *Williams v. McNeil*, 557 F.3d 1287, 1290–91 (11th Cir. 2009). When a party's objections, however, are "[f]rivolous, conclusive, or general," the district court "need not" consider them. *United States v. Schultz*, 565 F.3d 1353, 1361 (11th Cir. 2009) (per curiam) (citation omitted). An objecting party "must clearly advise the district court and pinpoint specific findings that the party disagrees with." *Id.* at 1360.

"The only grounds for granting [a Rule 59] motion [for reconsideration] are newly-discovered evidence or manifest errors of law or fact." *Arthur v. King*, 500 F.3d 1335, 1343 (11th Cir. 2007) (per curiam) (first alteration in original) (citation omitted); s*ee* Fed. R. Civ. P. 59. "A motion for reconsideration cannot be used to relitigate old matters, raise arguments, or present evidence that could have been raised prior to the entry of judgment." *Smith v. Ocwen Fin.*, 488 F. App'x 426, 428 (11th Cir. 2012) (per curiam) (citing *Arthur*, 500 F.3d at 1343). Rule 59 "motion[s] to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e).

## DISCUSSION

**I.   Objection**

Objections to R&Rs are due "[w]ithin 14 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2). Middle District of Georgia Local Rule 6.3 provides that "[a]ll time periods are to be calculated as directed by Fed. R. Civ. P. 6, with three (3) days added to the computed dates when service is in accordance with Fed. R. Civ. P. 6(d)." Accounting for three days for service of the R&R and an additional three days for Petitioner to mail his Objection, Petitioner's Objection was due on April 11, 2022, but Petitioner's Objection was not docketed until April 25, 2022. (*See* Doc. 198). In fact, Petitioner did not mail it until April 23, 2022, as established by the postmark. (*See* Doc. 198-1). Petitioner did not seek leave to file a late objection, nor did he provide any reason as to why his Objection was filed after the fourteen-day period. (*See* Docket). Thus, Petitioner's Objection is untimely, and the Court need not consider it. *See Hardison v. Cohen*, 375 F.3d 1262, 1263 (11th Cir. 2004) (affirming the district court's adoption of

the R&R and noting that the district court denied the plaintiff's objection as untimely when it was filed a day late); *see, e.g.*, Fletcher v. United States, No. 1:09-CR-13 (WLS), 2015 WL 13449663, at *1 (M.D. Ga. Jan. 12, 2015) (declining to consider a late-filed objection but noting that even if the objection were considered, the court would overrule it).

Even if Petitioner had timely filed his Objection, the Court would have overruled it and adopted the R&R. "A writ of error *coram nobis* is a remedy available to vacate a conviction when the petitioner has served his sentence and is no longer in custody, as is required for post-conviction relief under 28 U.S.C. § 2255." *United States v. Peter*, 310 F.3d 709, 712 (11th Cir. 2002) (per curiam). "A writ of error *coram nobis* is unavailable to a petitioner who is still in custody; whereas 28 U.S.C. § 2255 relief is available to a petitioner who is in custody." *Mozie v. United States*, No. 21-11435, 2021 WL 4947432, at *1 (11th Cir. Oct. 25, 2021) (per curiam) (first citing *United States v. Garcia*, 181 F.3d 1274, 1274 (11th Cir. 1999) (per curiam); and then citing 28 U.S.C. § 2255(a)). The Eleventh Circuit has clearly held that a "person serving a term of supervised release" is considered "in custody." *See United States v. Brown*, 117 F.3d 471, 475 (11th Cir. 1997) (citing *Jones v. Cunningham*, 371 U.S. 236, 240–43 (1963)). Although Petitioner was released from prison on December 17, 2021, he was, and is still, on supervised release at the time he filed his Petition. (*See* Doc. 189). Thus, Petitioner was in custody at the time his Petition was filed. That Petitioner "served his jail term on the drug count of the indictment" does not change the fact that Petitioner is still in custody. (*See* Doc. 198 at 2); *cf. United States v. Dean*, 749 F. App'x 873, 874 (11th Cir. 2018) (per curiam) (holding that the petitioner was not entitled to *coram nobis* relief "as a matter of law" because he "was still serving his term of supervised release when he filed his *coram nobis* petition" despite having served his prison sentence and the first of two consecutive terms of supervised release). Accordingly, the Magistrate Judge properly found that Petitioner is not entitled to *coram nobis* relief.

Moreover, Petitioner is incorrect that no other remedy is available to him. As the Eleventh Circuit has stated, Petitioner "could have sought leave from [the Eleventh Circuit]

4

to file a second or successive section 2255 motion." *Id.* at 875. "Because [Petitioner] ha[s] available alternative avenues for challenging his [convictions], *coram nobis* relief is unwarranted." *Id.* (first citing *United States v. Mills*, 221 F.3d 1201, 1204 (11th Cir. 2000); and then citing *Alikhani v. United States*, 200 F.3d 732, 734 (11th Cir. 2000) (per curiam)). Accordingly, pursuant to Rule 72(b)(2), Petitioner's Objection (Doc. 198) is **OVERRULED**.

## II. Motion for Reconsideration

Petitioner's sole argument for relief under Rule 59(e) is that the Court failed to consider his Objection. (*See* Doc. 199 at 1). Petitioner's Objection was not received by the Court when it adopted the R&R, nor was the Objection timely filed. Thus, the Court did not need to consider Petitioner's Objection. Moreover, as explained above, even if the Objection were timely filed and considered, the Court still would have adopted the R&R. Thus, Petitioner fails to show any "manifest errors of law or fact" that would warrant reconsideration under Rule 59. *See Arthur*, 500 F.3d at 1343 (citation omitted). Petitioner's Motion for Reconsideration is therefore **DENIED**.

### CONCLUSION

Accordingly, Petitioner's Objection (Doc. 198) is **OVERRULED**, and Petitioner's Motion for Reconsideration (Doc. 199) is **DENIED**.

**SO ORDERED**, this 27th day of April, 2022.

/s/ Leslie A. Gardner
**LESLIE A. GARDNER, JUDGE**
**UNITED STATES DISTRICT COURT**